[880 NYS2d 74]

In the Matter of STEVEN WOGHIN (Admitted as STEVEN MARC WOGHIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 28, 2009

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP*, New York City (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

On September 22, 2004, the respondent pleaded guilty in the United States District Court for the Eastern District of New York, before the Honorable I. Leo Glasser, to conspiracy to commit securities fraud, in violation of 18 USC § 371, and obstruction of justice, in violation of 18 USC § 1512 (c) (2). On January 16, 2007, he was sentenced to a term of imprisonment of 24 months and a three-year period of supervised release. On May 9, 2007, his sentence was amended to reflect that after serving one year and one day of imprisonment, the remaining months of the original 24-month sentence were to be served in home confinement, and that the period of supervised release was to run concurrently. The respondent was fined the sum of $200, with restitution to be determined.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when 'it would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In determining whether a foreign felony is essentially similar to a New York felony, this Court may consider other factors, including the plea allocution and/or trial record (*see Matter of Port*, 57 AD3d 139 [2008]; *Matter of Ashley*, 263 AD2d 70 [1999]; *Matter of Fury*, 145 AD2d 259 [1989]). The plea minutes reveal that the respondent served as vice-president and general counsel of a company called Computer Associates. Computer Associates was a publicly-traded company whose business was the licensing of computer software. Purchasers paid a one-time license fee and annual maintenance and usage fees thereafter. The licensing agreement, which required the signatures of both the purchaser and a representative of Computer Associates, had to

be signed within the time parameters of a fiscal quarter to be recognized within that quarter as earnings. Revenue predictions were issued quarterly, were made public, and used by stock analysts. The price of shares of stock in Computer Associates depended to a large extent on the estimated earnings of Computer Associates within any given quarter. When it became apparent to senior management that the revenue within a quarter was not going to be sufficient to justify the estimated earnings per share because there were not enough license agreements completed within that quarter, Computer Associates instituted a practice whereby license agreements that had been signed and countersigned after the expiration of a quarter, were backdated or reported as having been completed within that quarter. The practice, known as the "35-day month practice," was carried out systematically in the company. The respondent, who served as vice-president and general counsel of Computer Associates from 1995, admitted that he not only supervised attorneys who routinely engaged in the "35-day month practice," but personally participated in the negotiation or drafting of a backdated agreement in January 2000 and engaged in conduct designed to cover up and conceal the existence of the "35-day month practice" from the investigating authorities.

It appears that the respondent's admitted conduct constituted the federal felony of securities fraud, which is essentially similar to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6) (*see Matter of Alarcon,* 54 AD3d 101 [2008]; *Matter of Collotta,* 54 AD3d 98 [2008]). In any event, the respondent's admitted conduct corresponds to: (1) the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b), and/or (2) the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of Sorin,* 47 AD3d 1 [2007]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, effective immediately, to reflect the respondent's disbarment as of January 16, 2007.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Steven Woghin, admitted as Steven Marc Woghin, is

disbarred effective January 16, 2007, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Steven Woghin, admitted as Steven Marc Woghin, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven Woghin, admitted as Steven Marc Woghin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven Woghin, admitted as Steven Marc Woghin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).