*185 OPINION OF THE COURT
Per Curiam.
On June 29, 2012, in a criminal action entitled United States v Madoff, commenced in the United States District Court for the Southern District of New York under docket No. 10 Cr 228, the respondent entered a plea of guilty, before United States District Judge Laura Taylor Swain, to one count of conspiracy to commit securities fraud, falsify books and records of an investment adviser, falsify books and records of a broker/dealer, make false filings with the United States Securities and Exchange Commission (hereinafter the SEC), commit mail fraud, falsify statements in relation to documents required by the Employee Retirement Income Security Act of 1974, and obstruct and impede the lawful governmental functions of the Internal Revenue Service (hereinafter the IRS) in the ascertainment, assessment, computation and collection of taxes, all in violation of 18 USC § 371, and one count of falsifying books and records of an investment adviser, in violation of 15 USC §§ 80b-4, 80b-7 and 80b-17, 17 CFR 275.204-2 and 18 USC § 2.
The respondent admitted that he conspired with others to commit several violations of the law, including attempts to interfere with the administration of internal revenue laws, falsifying books and records of an investment adviser, making false filings with the SEC, and mail fraud and securities fraud. Moreover, the respondent admitted that he conspired with others to prevent the IRS from collecting proper tax revenue — to his and his family’s benefit — in three different ways. Specifically, the respondent received benefits from the company by which he was employed, Bernard L. Madoff Investment Securities (hereinafter BLMIS), which he failed to report as income on his tax returns. In addition, the respondent falsely placed his wife on the BLMIS payroll, resulting in her receipt of untaxed 401(k) contributions to which she was not entitled. The respondent admitted that, in 2005, 2007, and 2008, he received gifts from his brother, Bernard Madoff, the principal of BLMIS, which were used to provide the respondent’s children with substantial sums of money. The respondent, although not expecting to be repaid by his children, had them execute promissory notes to avoid paying gift taxes. Additionally, the respondent’s brother provided him with gifts, which were documented as loans so as to avoid paying gift taxes. The respondent further admitted that, between 2006 and 2008, he knowingly signed and approved false compliance documentation in connection with BLMIS. The *186 respondent admitted that, at the time he made these statements, he knew that they were false. The respondent also admitted that he conspired with others to falsify employment and payroll records of BLMIS.
On December 20, 2012, the respondent was sentenced by Judge Swain to consecutive five-year terms of imprisonment for each of his admitted crimes, for a total of 10 years of imprisonment. In addition, the respondent was sentenced to a one-year period of supervised release.
Pursuant to Judiciary Law § 90 (4) (a), an attorney is automatically disbarred, and ceases to be an attorney, upon his “convict[ion] of a felony.” Judiciary Law § 90 (4) (e) defines a “felony” as “any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state” (emphasis added). A felony committed under federal law that is “essentially similar” to a felony under New York law triggers automatic disbarment (Matter of Margiotta, 60 NY2d 147, 149 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney’s plea allocution (see Matter of Woghin, 64 AD3d 5 [2009]). In addition, this Court may consider the plea allocution in determining whether a defendant who has pleaded guilty to a conspiracy to commit a particular federal crime has admitted to having actually engaged in conduct constituting the completion of that particular federal crime (see Matter of Philwin, 108 AD3d 129, 131-132 [2013]).
Although the respondent was convicted of one count of conspiracy to commit several federal crimes, the respondent, in his plea allocution, actually admitted to having completed several of those underlying crimes. Thus, the respondent’s conduct, as set forth in his plea allocution, in effect, constituted the completed federal felony of securities fraud, which is essentially similar to the New York felony of fraudulent securities transactions pursuant to General Business Law § 352-c (5) and (6) (see Matter of Woghin, 64 AD3d 5 [2009], citing Matter of Alarcon, 54 AD3d 101 [2008]; see also Matter of Collotta, 54 AD3d 98 [2008]). The respondent’s admitted conduct also is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b), which provides that a person is guilty of the same if he or she
“engages in a scheme constituting a systematic *187 ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons” (see Matter of Woghin, 64 AD3d 5 [2009]).
Additionally, the respondent’s admitted conduct is essentially similar to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35, which provides that
“[a] person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation” (see Matter of Woghin, 64 AD3d 5 [2009], citing Matter of Sorin, 47 AD3d 1 [2007]).
By virtue of his felony conviction, the respondent was automatically disbarred as of June 29, 2012, and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).
The Grievance Committee for the Tenth Judicial District moves to strike the respondent’s name from the roll of attorneys and counselors-at-law. The respondent has taken no position with respect to the Grievance Committee’s motion.
Accordingly, the motion pursuant to Judiciary Law § 90 (4) (b) to strike the respondent’s name from the roll of attorneys and counselors-at-law is granted to reflect the respondent’s disbarment as of June 29, 2012.
Eng, P.J., Mastro, Rivera, Skelos and Angiolillo, JJ., concur.
Ordered that the motion of the Grievance Committee for the Tenth Judicial District is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Peter Barnett Madoff, is disbarred, effective June 29, 2012, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
*188 Ordered that the respondent, Peter Barnett Madoff, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Peter Barnett Madoff, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Peter Barnett Madoff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).