[23 NYS3d 335]

In the Matter of PAUL DAVID DIGIACOMO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 20, 2016

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On May 21, 2012, in the Superior Court of New Jersey, Morris County, the respondent pleaded guilty to one count of money laundering in violation of New Jersey Statutes Annotated § 2C:21-25 (b) (1), a felony crime in the second degree. On September 13, 2012, the respondent was sentenced to a period of incarceration of seven years and ordered to pay restitution in accord with a consent judgment in the sum of $42,404.88, as well as a penalty of $150,000 pursuant to New Jersey Statutes Annotated § 2C:21-27.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts contends that the respondent's conviction of the offense of money laundering in violation of New Jersey Statutes Annotated § 2C:21-25 (b) (1) is essentially similar to the New York felony of money laundering in the second degree, in violation of Penal Law § 470.15, a class C felony.

Under New Jersey Statutes Annotated § 2C:21-25 (b) (1) "[a] person is guilty of a crime if the person . . . engages in a transaction involving property known or which a reasonable person would believe to be derived from criminal activity . . . with the intent to facilitate or promote the criminal activity." In relevant part, New York Penal Law § 470.15 (1) (b) (ii) (A) provides that a person is guilty of money laundering in the second degree when,

> "[k]nowing that the property involved in one or more financial transactions represents . . . the proceeds of specified criminal conduct, he or she conducts one or more such financial transactions which in fact involve the proceeds of specified criminal conduct . . . knowing that the transaction or transactions in whole or in part are designed to . . . conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified criminal conduct."

The total value of the property involved in such financial transaction or transactions must exceed $100,000 (*see* Penal Law § 470.15 [1] [b] [iii]).

Pursuant to the New Jersey statute, a conviction may rest upon a transaction involving property "known or which a reasonable person would believe to be derived from criminal activity" (NJ Stat Ann § 2C:21-25 [b] [1]). While the New York statute does not include the lesser culpable conduct, "essential similarity" may nevertheless be established by looking at the respondent's plea allocution, which demonstrates that the respondent had the mens rea of knowing required under the New York statute (*Matter of Woghin*, 64 AD3d at 6). As reflected in the plea minutes, the respondent admitted that between November 14, 2008 and December 11, 2008 the following events took place:

Condor Capital Corporation (hereinafter Condor) held a mortgage note in the approximate amount of $477,000 on certain real property in Newark, New Jersey (hereinafter the subject property). The respondent successfully negotiated an assignment of that mortgage note to his client, Leska Management Company (hereinafter Leska), for $219,887. The respondent represented to Condor that a potential sale of the subject property was "not viable." However, the respondent did not disclose to Condor that on the same day that he negotiated the assignment of Condor's mortgage note to Leska, he was

involved in the sale of the subject property to a third-party purchaser for $539,000. As a part of that transaction, the third-party purchaser obtained a mortgage in the approximate sum of $436,000. Without the authorization of the seller of the property, the respondent instructed the title company to wire the proceeds of the third-party purchaser's mortgage to his attorney trust account. He then used $219,877 of those proceeds, without the seller's authorization, to pay Condor for the assignment of the mortgage note to Leska. He did not disclose to Condor the true source of those funds. Also without the seller's consent, the respondent wired $156,155 of the proceeds of the mortgage to his client, Leska.

Notably, the respondent admitted that the "purpose of the misrepresentations to Condor . . . [w]as to allow the parties to get the money without paying Condor the full amount due on the . . . mortgage note," and the "scheme was done in a manner to disguise the true source of the funds used to pay Condor." Thus, the respondent's act of money laundering in violation of New Jersey Statutes Annotated § 2C:21-25 (b) (1) is essentially similar to the New York felony of money laundering in the second degree, in violation of Penal Law § 470.15, a class C felony.

The Grievance Committee now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony. The respondent has neither opposed the Grievance Committee's motion nor submitted any papers in response.

We conclude that the respondent's act of money laundering in violation of New Jersey Statutes Annotated § 2C:21-25 (b) (1) constitutes a felony within the meaning of Judiciary Law § 90 (4) (e). As such, upon his conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of May 21, 2012.

ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.

Ordered that the motion to strike the name of the respondent, Paul David DiGiacomo, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Paul David DiGiacomo, is disbarred, effective May 21, 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Paul David DiGiacomo, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Paul David DiGiacomo, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Paul David DiGiacomo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).