[50 NYS3d 167]

In the Matter of MARIO A. CAMPOS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 19, 2017

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On November 26, 2012, upon a plea of guilty, before the Honorable William D. Wall, a Magistrate Judge for the United States District Court for the Eastern District of New York, the respondent was convicted of conspiracy to commit wire fraud, in violation of 18 USC § 1349, a federal felony. On December 15, 2014, before the Honorable Sandra J. Feuerstein, United States District Court Judge for the Eastern District of New York, the respondent was sentenced to a term of imprisonment of six months and supervised release for a period of three years. Additionally, the respondent was ordered to pay a $100 assessment and restitution in the amount of $415,701 to the Federal Housing Administration. Further, the respondent consented to the entry of a forfeiture money judgment in the amount of $11,675.

There is no record of the respondent advising this Court of his conviction, as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Tenth Judicial District now moves, inter alia, to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his conviction of a felony. The respondent has taken no position with respect to the motion of the Grievance Committee.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]).

The Grievance Committee asserts, inter alia, that the respondent's conviction of conspiracy to commit wire fraud, in viola-

tion of 18 USC § 1349, is essentially similar to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65). Pursuant to New York Penal Law § 190.65, a person is guilty of scheme to defraud in the first degree, a class E felony, by engaging in a scheme with the intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. During the respondent's plea allocution, he admitted, inter alia, that he, along with others, fraudulently inflated the purchase price of properties, and used fraudulently inflated appraisals in support of multiple loan applications that were submitted to the Federal Housing Administration. He also admitted that he falsely stated on closing documents that the money paid to others was for a legitimate purpose when he knew that those payments were the distribution of the proceeds of the fraud. He agreed to forfeit the sum of $11,675, the proceeds of the offense, and was ordered to pay restitution in the sum of $415,701.

Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit wire fraud, in violation of 18 USC § 1349, constitutes a felony within the meaning of Judiciary Law § 90 (4) (e). As such, upon his conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the unopposed motion, inter alia, to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of November 26, 2012.

Eng, P.J., Mastro, Rivera, Dillon and Balkin, JJ., concur.

Ordered that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Mario A. Campos, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted, and the motion is otherwise denied as academic in light of our determination; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Mario A. Campos, is disbarred, effective November 26, 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Mario A. Campos, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Mario A. Campos, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mario A. Campos, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).