Matter of Lenich (2017 NY Slip Op 09280)





Matter of Lenich


2017 NY Slip Op 09280


Decided on December 29, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2017-09875

[*1]In the Matter of Tara F. Lenich, admitted as Tara Frances Lenich, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Tara F. Lenich, respondent. (Attorney Registration No. 4196960)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on January 28, 2004, under the name Tara Frances Lenich.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Gary A. Farrell, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
On April 3, 2017, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to two felony counts of illegal interception of communications, in violation of 18 USC §§ 2511(1)(a), (4)(a), and 3551.
There is no record of the respondent advising this Court of her conviction, as required by Judiciary Law § 90(4)(c).
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon her conviction of a felony. The respondent's counsel submits a letter dated October 23, 2017, acknowledging that the respondent does not contest or oppose the motion and apologizes for her actions.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a foreign felony is essentially similar to a New York felony, this Court has considered a number of factors, including the plea allocution and/or [*2]trial record (see Matter of Madoff, 114 AD3d 184; Matter of Woghin, 64 AD3d 5).
The Grievance Committee contends that the respondent's conviction of the federal felony of illegal interception of communications under 18 USC §§ 2511(1)(a) and (4)(a) is essentially similar to the New York class E felony of eavesdropping (Penal Law § 250.05). Pursuant to Penal Law § 250.05, "[a] person is guilty of eavesdropping when he [or she] unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication." During the respondent's plea allocution, she admitted that she was guilty of both counts of an indictment filed March 23, 2017, in that, between approximately 2015 and 2016, while working as an Assistant District Attorney for the Office of the Kings County District Attorney, she, inter alia, misappropriated that office's equipment and facilities in order to illegally intercept and record the oral and electronic communications transmitted to and from two cellular telephones, and that she did illegally intercept, eavesdrop on, and record such communications.
We conclude that the respondent's conviction of illegal interception of communications, in violation of 18 USC §§ 2511(1)(a) and (4)(a), constitutes a felony within the meaning of Judiciary Law § 90(4)(e). As such, upon her conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment as of April 3, 2017.
ENG, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the name of the respondent, Tara F. Lenich, admitted as Tara Frances Lenich, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Tara F. Lenich, admitted as Tara Frances Lenich, is disbarred, effective April 3, 2017, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Tara F. Lenich, admitted as Tara Frances Lenich, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Tara F. Lenich, admitted as Tara Frances Lenich, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Tara F. Lenich, admitted as Tara Frances Lenich, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court