Matter of Winchester (2019 NY Slip Op 01217)





Matter of Winchester


2019 NY Slip Op 01217


Decided on February 20, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-07349

[*1]In the Matter of Lurlyn Winchester, admitted as Lurlyn Allison Winchester, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Lurlyn Winchester, respondent. (Attorney Registration No. 2631745)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon her conviction of a felony, or, in the alternative, to suspend her from the practice of law based upon her conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). Application pursuant to 22 NYCRR 1240.10 by the respondent, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 18, 1994, under the name Lurlyn Allison Winchester, to resign as an attorney and counselor-at-law.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Emdin & Russell, LLP, New York, NY (Royce Russell of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On April 26, 2018, in the United States District Court for the Southern District of New York, the respondent pleaded guilty to one count of making false statements to a lender in violation of 18 USC § 1014, and one count of obstructing justice through the destruction, alteration, or falsification of records in Federal investigations in violation of 18 USC § 1519, both federal felonies. On November 7, 2018, the respondent was sentenced to time served, and supervised release for a period of two years (to include 6 months of home confinement). Additionally, the respondent was ordered to pay a $200 assessment and a fine in the amount of $5,500.
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon her conviction of a felony or, in the alternative, to suspend her from the practice of law based upon her conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or [*2]any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee asserts, inter alia, that the respondent's conviction of obstructing justice through the destruction, alteration, or falsification of records in Federal investigations in violation of 18 USC § 1519, is essentially similar to the New York felony of tampering with physical evidence, in violation of Penal Law § 215.40, a class E felony. Pursuant to 18 USC § 1519, a person is guilty of obstructing justice through the destruction, alteration, or falsification of records in Federal investigations when he or she:
"knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States."
By comparison, pursuant to Penal Law § 215.40(1), a person is guilty of tampering with physical evidence when:
"With intent that it be used or introduced in an official proceeding or a prospective official proceeding, he [or she] (a) knowingly makes, devises or prepares false physical evidence, or (b) produces or offers such evidence at such a proceeding knowing it to be false."
As set forth in Penal Law § 215.35(2), official proceeding is defined as "any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received."
In this case, the respondent admitted that she produced false evidence during the course of an investigation by an FBI Task force. The FBI investigation involved a loan the respondent received on or about April 2, 2015, from Plaza Home Mortgage, Inc. (hereinafter Plaza), for her purchase of a condominium in Monroe, New York. After being elected Town of Monroe Justice, commencing January 1, 2014, the respondent was required, under New York law, to reside in Monroe to be eligible to hold that position. At that time, the respondent and her husband were residents of New City, New York. During her plea allouction, the respondent admitted that she falsely represented to Plaza that the loan was for a purchase of a condominium that would be her primary residence, and that she would rent out her New City home. In furtherance of the loan application, the respondent submitted to Plaza a fake rental lease agreement for her New City home, together with copies of two checks falsely claiming they were for rent and a security deposit. The respondent admitted that in making these representations and providing these documents to Plaza, she knew that the condominium would not be her primary residence, and that the lease agreement was not "real."
On or about July 28, 2016, and again on August 1, 2016, the respondent was interviewed by members of an FBI Task Force (hereinafter the FBI agents) about the Plaza loan. During her plea allouction, the respondent admitted that she impeded or obstructed the FBI investigation, inter alia, by giving FBI agents a fake rental lease agreement and false rent receipts, in an effort to make them wrongly believe that she was going to move to the condominium and rent her New City home. She further admitted that some of the rental receipts were created after she was first interviewed by the FBI agents.
Under the circumstances of this case, we conclude that the respondent's conviction of obstructing justice through the destruction, alteration, or falsification of records in Federal investigations in violation of 18 USC § 1519, is essentially similar to the New York felony of tampering with physical evidence in violation of Penal Law § 215.40(1), a class E felony. By virtue of her federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, that branch of the Grievance Committee's motion which was to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law [*3]§ 90(4), is granted to reflect the respondent's disbarment as of April 26, 2018, and the motion is otherwise denied as academic. In view thereof, the respondent's application pursuant to 22 NYCRR 1240.10 to resign as an attorney and counselor-at-law is denied as academic.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and MILLER, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Lurlyn Winchester, admitted as Lurlyn Allison Winchester, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, and the motion is otherwise denied as academic; and it is further,
ORDERED that the application of the respondent, Lurlyn Winchester, admitted as Lurlyn Allison Winchester, pursuant to 22 NYCRR 1240.10 to resign as an attorney and counselor-at-law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Lurlyn Winchester, admitted as Lurlyn Allison Winchester, is disbarred, effective April 26, 2018, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Lurlyn Winchester, admitted as Lurlyn Allison Winchester, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Lurlyn Winchester, admitted as Lurlyn Allison Winchester, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Lurlyn Winchester, admitted as Lurlyn Allison Winchester, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court