Matter of Felber (2019 NY Slip Op 01213)





Matter of Felber


2019 NY Slip Op 01213


Decided on February 20, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2018-08762

[*1]In the Matter of Gregory Jason Felber, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Gregory Jason Felber, respondent. (Attorney Registration No. 4199196)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony, or, in the alternative, to suspend him from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 25, 2004.



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On December 20, 2017, in the United States District Court for the Eastern District of New York, the respondent pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 USC §§ 1343 and 1349, a federal felony.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. Although duly served with the motion, the respondent has not submitted any papers in opposition or requested additional time in which to do so.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that, "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee asserts, inter alia, that the respondent's conviction of conspiracy to commit bank fraud, in violation of 18 USC §§ 1343 and 1349, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Pursuant to Penal Law § 190.65, a person is guilty of scheme to defraud in the first [*2]degree, a class E felony, by engaging in a scheme with intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. During the respondent's plea allocution, he admitted that he voluntarily took part with others to conspire and defraud the banking industry as alleged in the indictment. Specifically, between 2015 and 2017, while acting as a settlement agent for Vanguard Funding, LLC, at the request of certain Vanguard principals, the respondent agreed to divert loan money intended to fund home mortgages from his attorney trust account to a Vanguard bank account. The respondent agreed that the amount of the gain or loss occasioned by his actions was approximately $3.5 million, and the sentence to be imposed would include an order of restitution in that amount.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit bank fraud, in violation of 18 USC §§ 1343 and 1349, constitutes a felony within the meaning of Judiciary Law § 90(4)(e). By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, that branch of the Grievance Committee's motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of December 20, 2017.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and COHEN, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which seeks to strike the name of the respondent, Gregory Jason Felber, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, and the motion is otherwise denied; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Gregory Jason Felber, is disbarred, effective December 20, 2017, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Gregory Jason Felber, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Gregory Jason Felber, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gregory Jason Felber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
MASTRO, J.P., RIVERA, DILLON, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court