Matter of Vigna (2020 NY Slip Op 03237)





Matter of Vigna


2020 NY Slip Op 03237


Decided on June 10, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2019-12692

[*1]In the Matter of Anthony Peter Vigna, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Anthony Peter Vigna, respondent. (Attorney Registration No. 2274975)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 19, 1989.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.
Frankfurt Kurnit Klein & Selz, P.C., New York, NY (Richard M. Maltz of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On March 22, 2019, in the United States District Court for the Southern District of New York, the respondent pleaded guilty to one count of conspiracy to commit mail, wire, and bank fraud, in violation of 18 USC § 371, a federal felony. On July 25, 2019, the respondent was sentenced to a term of imprisonment of 12 months and 1 day, to be followed by 3 years of supervised release, and ordered to pay restitution in the amount of $250,500, and a mandatory special assessment of $100.
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may [*2]consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee asserts, inter alia, that the respondent's conviction of conspiracy to commit mail, wire, and bank fraud, in violation of 18 USC § 371, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Penal Law § 190.65 provides that a person is guilty of this crime when he or she engages in a scheme with intent to defraud one or more persons by false pretenses, thereby obtaining property in excess of $1,000. In this case, the respondent admitted his knowing and intentional participation in a mortgage scheme using fraudulent documents purporting to discharge mortgages. Through these efforts, he and his coconspirators fraudulently received funds from distressed mortgagors. In one matter, the respondent acknowledged that the victim lost more than $500,000.
In response to the motion, the respondent's counsel has advised this Court that the respondent does not oppose the motion.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit mail, wire, and bank fraud, in violation of 18 USC § 371, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of March 22, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Anthony Peter Vigna, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Anthony Peter Vigna, is disbarred, effective March 22, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Anthony Peter Vigna, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Anthony Peter Vigna, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Anthony Peter Vigna, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court