Matter of Elefant (2023 NY Slip Op 04124)

Matter of Elefant

2023 NY Slip Op 04124

Decided on August 2, 2023

Appellate Division, Second Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2022-09196

[*1]In the Matter of Marc Elefant, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Marc Elefant, respondent. (Attorney Registration No. 2857266)

MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 2, 1998.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Bachner & Associates, P.C. New York, NY (Michael F. Bachner of counsel), for respondent.

PER CURIAM

OPINION & ORDER
. On October 24, 2022, in the United States District
Court for the Southern District of New York, the respondent pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 USC § 371, a federal felony.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee submits that the respondent's federal felony conviction of conspiracy to commit wire fraud, in violation of 18 USC § 371, is essentially similar to the New York felony of grand larceny in the first degree, in violation of Penal Law § 155.42, a class B felony, or conspiracy to commit grand larceny in the first degree, in violation of Penal Law § 105.10(1), a class E felony. Insofar as the respondent admitted that he improperly settled cases with insurance companies in the gross amount of $1,486,000, the Grievance Committee further submits that the monetary requirement of grand larceny in the first degree has been met. The record, however, does not support such finding.
Under Penal Law § 155.42: "A person is guilty of grand larceny in the first degree when he steals property and when the value of the property exceeds one million dollars." New York Penal Law § 155.05(1) defines "larceny" as: "A person steals property and commits larceny when, with intent to deprive another person of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (emphasis added).
There is no specification in the record that the respondent or his coconspirators stole over $1,000,000 from one victim (see People v. Hinds, 77 AD3d 429).
Nonetheless, this Court has held that a conviction of conspiracy to commit wire fraud and mail fraud, in violation of 18 USC § 371, is essentially similar to the New York class E felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (see Matter of Vigna, 184 AD3d 214). Under Penal Law § 190.65(1), a person is guilty of a scheme to defraud in the first degree:
"when he or she: (a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons; or (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."
The respondent admitted to engaging in a fraudulent scheme between in or about 2015 and in or about August 2017. Specifically, the respondent became aware that his clients were undergoing unnecessary medical procedures to falsely inflate the value of the settlements and improperly settled the cases with the insurance companies in the gross amount of $1,486,000. Therefore, the elements of Penal Law § 190.65(1)(b) were satisfied when the respondent engaged in a systematic ongoing course of conduct with intent to defraud more than one insurance company or to obtain property from more than one insurance company by falsely inflating the value of the settlement knowing that the medical procedures were not necessary, and so obtained funds with a value in excess of $1,000, from one or more such persons.
In response to the Grievance Committee's motion, the respondent's counsel has advised this Court that the respondent does not oppose the motion.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit wire fraud, in violation of 18 USC § 371, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of October 24, 2022.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Marc Elefant, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Marc Elefant, is disbarred, effective October 24, 2022, and his name is stricken from the roll of attorneys and [*2]counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Marc Elefant, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Marc Elefant, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Marc Elefant, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court