Matter of Zilberberg (2024 NY Slip Op 06352)

Matter of Zilberberg

2024 NY Slip Op 06352

Decided on December 18, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.

2024-02402

[*1]In the Matter of Mendel Zilberberg, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Mendel Zilberberg, respondent. (Attorney Registration No. 2647519)

MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony or, in the alternative, to suspend the respondent from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f), and 22 NYCRR 1240.12(b)(2) and (c)(2), and directing the respondent to show cause why a final order of discipline should not be made. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 28, 1995.

Courtny Osterling, White Plains, NY, for petitioner.

PER CURIAM.

OPINION & ORDER
On July 11, 2023, the respondent was found guilty, after a jury trial, of all five charges against him in a superseding indictment that charged him with: (1) conspiracy to commit bank fraud, in violation of 18 USC §§ 1349 and 3293; (2) bank fraud, in violation of 18 USC §§ 1344, 3293, and 2; (3) conspiracy to make false statements to a bank, in violation of 18 USC §§ 371 and 3293; (4) making false statements to a bank, in violation of 18 USC §§ 1014, 3293, and 2; and (5) embezzlement and misapplication of bank funds, in violation of 18 USC §§ 656, 3293, and 2, all federal felonies.
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony or, in the alternative, to suspend the respondent from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f), and 22 NYCRR 1240.12(b)(2) and (c)(2), and directing the respondent to show cause why a final order of discipline should not be made. The respondent has not submitted a response to the Grievance Committee's motion.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory [*2]of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
This Court has held that a conviction of misapplication of bank funds in violation of 18 USC § 656 is essentially similar to a violation of the Banking Law § 673 (see Matter of Chen, 299 AD2d 53). New York Banking Law § 673 provides:
"Any officer, director, trustee, employee or agent of any corporation to which the banking law is applicable, or any employee or agent of any private banker, who abstracts or wilfully misapplies any of the money, funds or property of such corporation or private banker, or wilfully misapplies its or his credit, is guilty of a felony."
The respondent, at the time the crime was committed, was a director of Park Avenue Bank and was found guilty by a jury of willfully conspiring to obtain a fraudulent loan by orchestrating the use of a sham borrower, providing false statements about the purpose of the loan, and providing false statements regarding the sham borrower's finances. The respondent used his position as a director of Park Avenue Bank to ensure the loan received less scrutiny and personally referred the loan to allow it to receive more immediate attention. The respondent also used his position to push the loan application through to approval. The respondent's actions caused the misapplication of money, funds, or property of the bank through which the respondent received a substantial personal benefit in the amount of $506,000.
Under the circumstances of this case, we conclude that the respondent's conviction of embezzlement and misapplication of bank funds, in violation of 18 USC § 656, is essentially similar to the New York felony of abstraction or misappropriation of money, funds, or property, or misapplication of credit of private bankers or corporations to which the bank law is applicable, by an officer, director, trustee, employee, or agent thereof, in violation of Banking Law § 673. By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, that branch of the Grievance Committee's unopposed motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of July 11, 2023, and the motion is otherwise denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and FORD, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Mendel Zilberberg, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, and the motion is otherwise denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Mendel Zilberberg, is disbarred, effective July 11, 2023, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Mendel Zilberberg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Mendel Zilberberg, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an [*3]attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mendel Zilberberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court