Matter of Trimarco (2021 NY Slip Op 07004)





Matter of Trimarco


2021 NY Slip Op 07004


Decided on December 15, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
FRANCESCA E. CONNOLLY, JJ.


2021-02687

[*1]In the Matter of Vincent Joseph Trimarco, Jr., an attorney and counselor-at-law. (Attorney Registration No. 2828010)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 20, 1997.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for Grievance Committee for the Tenth Judicial District.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On October 6, 2020, upon a plea before the Honorable Joan Azrack, a Judge of the United States District Court for the Eastern District of New York, the respondent was convicted of Mail and Wire Fraud Conspiracy, in violation of 18 USC § 1349, a federal felony.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent opposes the motion and cross-moves for an order, inter alia, referring the matter to a Special Referee for a hearing to determine whether the criminal conviction constitutes a "serious crime" pursuant to Judiciary Law § 90(4)(d).
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that the respondent's conviction of Mail and Wire Fraud Conspiracy, in violation of 18 USC § 1349, is essentially similar to the New York [*2]felony of conspiracy to commit grand larceny in the second degree, a C felony, in violation of New York Penal Law §§ 105.10 and 155.40 (see Matter of Anderson, 170 AD3d 52). The respondent asserts that the circumstances in this matter are such that no New York felony statute is essentially similar to the federal felony statute of Mail and Wire Fraud Conspiracy, and requests a hearing to determine if he has been convicted of a serious crime.
We conclude that the respondent's conviction of the federal crime of Mail and Wire Fraud Conspiracy, in violation of 18 USC § 1349, is essentially similar to the New York felony of conspiracy to commit grand larceny in the second degree, a C felony, in violation of New York Penal Law §§ 105.10 and 155.40 (see Matter of Anderson, 170 AD3d 52). A person is guilty of grand larceny in the second degree when they steal from another property the value of which exceeds fifty thousand dollars (see Penal Law § 155.40[1]). Here, as reflected in the plea minutes of the criminal proceeding, the respondent has admitted to conspiring with another individual in a scheme seeking to defraud a beneficiary out of estate funds the beneficiary was entitled to receive in the sum of at least $150,000.
By virtue of his conviction of a federal felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of October 6, 2020.
MASTRO, J.P., RIVERA, DILLON, CHAMBERS, and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Vincent Joseph Trimarco, Jr., from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that the respondent's cross motion is denied; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Vincent Joseph Trimarco, Jr., is disbarred, effective October 6, 2020, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Vincent Joseph Trimarco, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Vincent Joseph Trimarco, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Vincent Joseph Trimarco, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court