Matter of Rosenfeld (2022 NY Slip Op 02802)

Matter of Rosenfeld

2022 NY Slip Op 02802

Decided on April 27, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2021-05763

[*1]In the Matter of Shimon A. Rosenfeld, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Shimon A. Rosenfeld, respondent. (Attorney Registration No. 2136570.)

MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 22, 1987.

Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.
Michael S. Ross, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
On May 20, 2021, before the Honorable Kiyo A. Matsumoto, Judge of the United States District Court for the Eastern District of New York, the respondent was convicted, upon his plea of guilty, of wire fraud, in violation of 18 USC § 1343, a federal felony.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent has filed a response to the motion wherein he consents to his name being stricken from the roll of attorneys and counselors-at-law in view of his felony conviction.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta , 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that the respondent's conviction of wire fraud, in violation of 18 USC § 1343, is essentially similar to the New York felony of scheme to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65.
We conclude that the respondent's conviction of the federal crime of wire fraud, in violation of 18 USC § 1343, is essentially similar to the New York felony of scheme to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65. A person is guilty of scheme to defraud in the first degree when he or she "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (id. § 190.65[1][b]). Here, as reflected in the plea proceeding transcript, the respondent admitted to engaging in a multimillion dollar fraudulent scheme involving multiple victims that resulted in substantial financial loss, and that he did so via electronic communications.
By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of May 20, 2021.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Shimon A. Rosenfeld, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Shimon A. Rosenfeld, is disbarred, effective May 20, 2021, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Shimon A. Rosenfeld, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Shimon A. Rosenfeld, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Shimon A. Rosenfeld, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court