Matter of Anile (2022 NY Slip Op 02790)

Matter of Anile

2022 NY Slip Op 02790

Decided on April 27, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
SHERI S. ROMAN, JJ.

2021-06046

[*1]In the Matter of Joseph S. Anile II, admitted as Joseph Salvatore Anile II, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Joseph S. Anile II, respondent. (Attorney Registration No. 2384311.)

Motion by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony, or in the alternative, to suspend him from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 27, 1991, under the name of Joseph Salvatore Anile II.

Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On September 26, 2019, in the United States District Court for the Middle District of Florida, Tampa Division, the respondent pleaded guilty to conspiracy to commit wire fraud and mail fraud, in violation of 18 USC §§ 1341, 1343, and 1349 (count one), illegal monetary transaction, in violation of 18 USC § 1957 (count two), and false and fraudulent statement on income tax return, in violation of 26 USC § 7206(1) (count three), all federal felonies. On November 18, 2020, the respondent was sentenced to a term of imprisonment of 120 months with a period of supervised release of 3 years for his convictions on counts one and two, and a term of imprisonment of 36 months with a period of supervised release of 1 year for his conviction on count three, all sentences to run concurrently. Certain financial and employment conditions were also imposed upon the respondent during his supervised release, and he was directed to pay restitution in the amount of $53,270,336.08, jointly and severally with one of his co-conspirators.
There is no record of the respondent advising this Court of his convictions, as required by Judiciary Law § 90(4)(c).
The Grievance Committee for the Tenth Judicial District now moves, inter alia, to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b) based upon his conviction of a felony. The respondent has not submitted a response to the Grievance Committee's motion.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, [*2]shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (see Matter of Woghin, 64 AD3d 5).
The Grievance Committee contends, inter alia, that a conviction of conspiracy to commit wire fraud and mail fraud, in violation of 18 USC §§ 1341, 1343, and 1349, is essentially similar to the New York State felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. A person is guilty of a scheme to defraud in the first degree when he or she "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons" (id. § 190.65[1][a]).
In his plea agreement, the respondent admitted that between November 2011 and April 2019, he and co-conspirators were involved in a Ponzi scheme whereby they made false and fraudulent representations to victim investors and potential investors to persuade them to transmit their funds via wire transfers and mail to entities and accounts controlled by the conspirators. The respondent was the co-founder, director, and president of Oasis International Group, Ltd. (hereinafter OIG), a Cayman Islands limited corporation, and the parent company for other entities created to carry out the scheme. The funds transmitted were intended to be traded in the foreign exchange market (hereinafter FOREX), but the conspirators only used a portion of the victim investors' funds for that purpose, and the rest of the funds were used to make "Ponzi-style payments" to perpetuate the scheme, and for the conspirators' personal enrichment. The conspirators also concealed the losses from the FOREX tradings. In addition to fraudulently inducing victim investors to transmit funds to them for FOREX trading, the conspirators also solicited "loans" from victim investors to OIG, under the guise that it would allow OIG to facilitate larger volume of FOREX trades and generate greater earnings. The conspirators also developed and administered a website containing false account balances and earnings to convince the victim investors that their funds were safe and performing. The conspirators used the funds they received from victim investors to perpetuate the scheme and fund their lavish lifestyles.
The respondent's scheme yielded more than $72,719,929 from at least 700 victim investors. The conspirators used at least $19,625,000 for FOREX trading, and all the money was lost. At least $21,974,000 was used to make Ponzi-style payments and principal payments to victim investors, and more than $24,801,000 was used to primarily enrich the conspirators.
Under the circumstances, we conclude that the respondent's conviction of conspiracy to commit wire fraud and mail fraud, in violation of 18 USC §§ 1341, 1343, and 1349, constitutes a felony within the meaning of Judiciary Law § 90(4)(e). As such, upon his conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, that branch of the Grievance Committee's unopposed motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of September 26, 2019, and the motion is otherwise denied as academic in light of our determination.
LASALLE, P.J., DILLON, DUFFY, BARROS and ROMAN, JJ., concur.
ORDERED that the branch of the motion of the Grievance Committee for the Tenth Judicial District which is to strike the name of the respondent, Joseph S. Anile II, admitted as Joseph Salvatore Anile II, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and the motion is otherwise denied as academic in light of our determination; and [*3]it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Joseph S. Anile II, admitted as Joseph Salvatore Anile II, is disbarred, effective September 26, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Joseph S. Anile II, admitted as Joseph Salvatore Anile II, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Joseph S. Anile II, admitted as Joseph Salvatore Anile II, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph S. Anile II, admitted as Joseph Salvatore Anile II, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court