Matter of Constantine (2023 NY Slip Op 04378)

Matter of Constantine

2023 NY Slip Op 04378

Decided on August 23, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2023-00822

[*1]In the Matter of George A. Constantine, admitted as George Anthony Constantine, an attorney and counselor-at-law. (Attorney Registration No. 2297927)

MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 15, 1989, under the name George Anthony Constantine.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

PER CURIAM.

OPINION & ORDER
On December 16, 2022, the respondent was found guilty, after a jury trial, of all three charges against him in a superseding indictment: (1) conspiracy to commit mail and wire fraud, in violation of 18 USC §§ 1341, 1343, and 1349; (2) mail fraud, in violation of 18 USC §§ 1341 and 1342; and wire fraud, in violation of 18 USC §§ 1343 and 1342, all federal felonies.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent has not submitted a response to the Grievance Committee's motion.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
This Court has held that a conviction of conspiracy to commit mail and wire fraud, in violation of 18 USC §§ 1341, 1343, and 1349, is essentially similar to the New York class E felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (see Matter of Anile, 205 AD3d 94). Under Penal Law § 190.65(1):
"A person is guilty of a scheme to defraud in the first degree:
when he or she: (a) engages in a scheme constituting a systematic ongoing course of conduct with [*2]intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons; or (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."
The respondent was found guilty of carrying out an extensive mail and wire fraud scheme with other co-conspirators by staging trip-and-fall accidents and filing fraudulent lawsuits arising from the staged accidents between on or about January 2013 and April 2018. The respondent represented hundreds of clients and filed fraudulent lawsuits against the property owners and/or their insurers, claiming that the injuries were solely caused by the negligence of the property owners. These fraudulent lawsuits yielded settlements exceeding $20 million and the respondent collected more than $5 million in legal fees. The respondent was also found to have used mail and cell phone service to communicate with other co-conspirators regarding this fraudulent scheme.
Under the circumstances of this case, we conclude that the respondent's conviction of conspiracy to commit mail and wire fraud, in violation of 18 USC §§ 1341, 1343, and 1349, is essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of December 16, 2022.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, George A. Constantine, admitted as George Anthony Constantine, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, George A. Constantine, admitted as George Anthony Constantine, is disbarred, effective December 16, 2022, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, George A. Constantine, admitted as George Anthony Constantine, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, George A. Constantine, admitted as George Anthony Constantine, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, George A. Constantine, admitted as George Anthony Constantine, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court