Matter of Connelly (2025 NY Slip Op 00091)

Matter of Connelly

2025 NY Slip Op 00091

Decided on January 8, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LILLIAN WAN, JJ.

2024-06595

[*1]In the Matter of Erin Kenny Connelly, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Erin Kenny Connelly, respondent. (Attorney Registration No. 2962272)

Motion by the Grievance Committee for the Ninth Judicial District, inter alia, to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 23, 1999.

Courtny Osterling, White Plains, NY, for petitioner.

PER CURIAM.

OPINION & ORDER
On June 12, 2019, the respondent was convicted by a plea of guilty in North Carolina Superior Court, Craven County, Criminal Session, before the Honorable John E. Nobles, of maintaining a vehicle (to sell or deliver a controlled substance), in violation of North Carolina General Statutes § 90-108(a)(7), and was sentenced to a term of 12 months supervised probation and ordered to pay court costs and attorney's fees. The respondent failed to timely notify this Court or the Grievance Committee of her conviction, in violation of Judiciary Law § 90 and 22 NYCRR 1240.12.
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4) based upon her conviction of a felony or, in the alternative, to suspend her from the practice of law based upon her conviction of a serious crime pursuant to Judiciary Law § 90(4)(d) and (f). The respondent has not submitted a response to the Grievance Committee's motion.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150). In making [*2]the determination that a felony is essentially similar, this Court may consider other factors including the plea allocution and/or trial record (see Matter of Rosenfeld, 205 AD3d 147, 149; Matter of Anile, 205 AD3d 94, 95; Matter of Trimarco, 201 AD3d 139; Matter of Woghin, 64 AD3d 5).
During her plea, the respondent admitted that she agreed to drive her husband to facilitate his sale of five pills of oxycodone to someone who turned out to be a confidential informant involved in a controlled buy. The Grievance Committee asserts, inter alia, that the conduct underlying the respondent's conviction of maintaining a vehicle (to sell or deliver a controlled substance), in violation of North Carolina General Statutes § 90-108(a)(7) is essentially similar to the New York State felony of conspiracy in the fourth degree, in violation of Penal Law § 105.10(1), a class E felony. The Grievance Committee asserts that the respondent's husband's conduct, sale of five oxycodone pills, satisfies the elements of criminal sale of a controlled substance in the third degree. The Grievance Committee asserts that by agreeing to and driving her husband to facilitate his sale of oxycodone, a controlled substance, the respondent's conduct satisfies the elements of conspiracy in the fourth degree.
Under New York Penal Law § 105.10(1), a person is guilty of conspiracy in the fourth degree:
"when, with intent that conduct constituting . . . a class B or class C felony be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct."
The sale of oxycodone pills constitutes the criminal sale of a controlled substance in the third degree, a class B felony, in violation of Penal Law § 220.39(1), which states:
"A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells . . . a narcotic drug."
New York Penal Law § 220.00(7) defines a narcotic drug, in relevant part, as any controlled substance listed in schedule I(b), I(c), II(b), or II(c). According to New York Public Health Law, oxycodone is a controlled substance (see Public Health Law § 3306, Schedule II[b][1][14]).
Under the circumstances of this case, we conclude that the criminal conduct underlying the respondent's conviction of maintaining a vehicle (to sell or deliver a controlled substance), in violation of North Carolina General Statutes § 90-108(a)(7) is essentially similar to the New York felony of conspiracy in the fourth degree, in violation of Penal Law § 105.10(1), a class E felony. By virtue of her felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, that branch of the Grievance Committee's unopposed motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of June 12, 2019, and the motion is otherwise denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and WAN, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Erin Kenny Connelly, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, and the motion is otherwise denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Erin Kenny Connelly, is disbarred, effective June 12, 2019, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Erin Kenny Connelly, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Erin Kenny Connelly, is commanded to desist and refrain from (1) practicing law in any form, either as principal [*3]or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Erin Kenny Connelly, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court